FILED

16 AUG -1 PM 3: 16

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

PEGGY MANETT, an individual,

    Plaintiff,

vs.

CASE NO.:

2:16-cv-598-FtM-99CM

G.P. PLUMBING & AIR CONDITIONING
CORP., a Florida profit corporation,
GUY R. POIRIER, an individual, and
CARLOS T. COSTA, an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Peggy Manett ("Manett" or "Plaintiff"), by and through undersigned counsel, sues Defendants, G.P. Plumbing & Air Conditioning Corp. ("G.P. Plumbing"), Guy R. Poirier ("Poirier"), and Carlos T. Costa ("Costa") (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

1.    This is an action for failure to pay overtime wages brought pursuant to the Fair Labor Standards Act of 1938, as amended and 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claim(s) pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

4. At all times pertinent, Plaintiff was and is a resident of Lee County, Florida and worked for Defendants in Lee County, Florida.

5. At all times pertinent, G.P. Plumbing was and is a Florida profit corporation with a principal place of business and conducting business in Lee County, Florida, and subject to the requirements of the FLSA. Upon information and belief, G.P. Plumbing is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00). G.P. Plumbing provides residential and commercial air conditioning products and services to customers residing in Florida and out of state. G.P. Plumbing routinely sells the following brands of products to customers residing in Florida and to customers residing out of state: Amana, American Standard, Bryant, Carrier, Comfortmaker, Frigidaire, Goodman, Maytag, Nordyne, Rhuud, Rheem, Trane, and more. G.P. Plumbing routinely engages in interstate financial transactions, and markets its services and products outside of Florida through Angie's List, Facebook, Google, Twitter, Youtube and other media. G.P. Plumbing also routinely accepts and processes out of state credit cards in exchange for its products, services, parts, and inventory. G.P. Plumbing also routinely orders air conditioning products and parts from companies outside of Florida, wherein the products and parts are moved across state lines to G.P. Plumbing and/or its customers in Florida.

6. Poirier was and is an individual who owned and operated G.P. Plumbing, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant G.P. Plumbing, and over Plaintiff, Defendant Poirier is an employer as defined by 29 U.S.C. § 201 *et seq.*

7. Costa was and is an individual who owned and operated G.P. Plumbing, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant G.P. Plumbing, and over Plaintiff, Defendant Costa is an employer as defined by 29 U.S.C. § 201 *et seq.*

8. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. From about April 11, 2016 through about July 11, 2016, Plaintiff worked for Defendants as a dispatcher compensated on a salary basis.

10. Plaintiff's primary job duties did not satisfy the requirements of any exemptions to the FLSA. For instance, Plaintiff did not have the ability to hire/fire employees, management of employees was not Plaintiff's primary job duty, and Plaintiff did not regularly supervise two or more full-time employees, or the equivalent of two or more full time employees. Moreover, Plaintiff did not have discretion over matters of significance

to Defendants. Plaintiff could not implement policies or procedures, make strategic decisions, or make expenditures without approval. Rather Plaintiff was required to follow Defendants' established policies and procedures, and obtained instruction and/or or approval for all other activities.

11. During her employment with Defendants, Plaintiff worked more than forty (40) hours during one or more work weeks. Indeed, Plaintiff routinely worked more than forty (40) hours per week while employed by Defendants.

12. In work weeks in which she worked more than 40 hours, Plaintiff was not compensated at a rate of 1 and 1/2 times her regular rate for her hours worked over 40 in violation of the overtime provisions of the FLSA.

13. Defendants failed to keep time records for Plaintiff.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendants.

15. Upon information and belief, Defendants did not rely upon any Department of Labor Wage and Hour Opinions in creating the pay structure of Plaintiff.

16. Upon information and belief, Defendants did not rely upon the advice of counsel or any other qualified professional in creating the pay structure of Plaintiff.

17. Upon information and belief, Defendants knew their conduct violated the FLSA or acted in reckless disregard for its provisions. As such, their violations of the FLSA are knowing and willful.

18. Plaintiff has retained the law firm of Weldon & Rothman, PL to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNPAID OVERTIME WAGES UNDER THE FLSA

19. Plaintiff reincorporates and adopts the allegations in paragraphs 1 through 18 above as if set forth fully herein.

20. Defendants' failure to provide Plaintiff overtime compensation for her overtime hours worked constitutes a violation of the FLSA, 29 U.S.C. § 207.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. accept jurisdiction over the action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendants; and

f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

_____
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*